UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN SPRATLEY, THOMAS HROMOWYK, TIMOTHY CANFIELD, ANDREW CATTANO, JAMES LETT, DENNIS PECK, SUSAN STEBBINS, AND YVETTE TAYLOR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC f/k/a CHRYSLER GROUP LLC <br><br> Defendant. | Case No. 3:17-cv-00062-MAD-DEP <br><br> Hon. Mae A. D'Agostino <br> United States District Judge |

**Plaintiffs' Response to FCA US LLC's Notice of Supplemental Authority in Support of its Motion to Dismiss for Lack of Personal Jurisdiction.**

Defendant FCA US LLC (hereafter, "FCA" or "Defendant") submitted a Notice of Supplemental Authority informing this Court about the Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, et al.*, 582 U.S. ___ (2017). For two reasons, Plaintiffs contend that this Court can exercise general, specific, or supplemental personal jurisdiction over Defendant even in light of the Supreme Court's decision.

First, Plaintiffs primarily argue that this Court can exercise general jurisdiction over Defendant because FCA consented to general jurisdiction when it registered to do business in New York – a requirement of which corporations have been on notice since 1916. *See* Pls.' Opp. to Def.'s Mot. to Dismiss for Lack of Personal Jurisdiction, p. 4, Mar. 27, 2017, Dkt. 58 ("Pls.' Opp."). The plaintiffs in *Bristol-Myers Squibb Co.* did "not contend that the California courts would be able to exercise general jurisdiction over Bristol-Myers[,]" so the Supreme Court's

decision does not bear on whether this Court can exercise general jurisdiction over FCA. *Bristol-Myers Squibb Co.*, 582 U.S., at ___, n. 2.

Second, *Bristol-Myers Squibb Co.* is not dispositive of the issue presented here – whether a federal court can exercise specific jurisdiction over a defendant who engages in wrongful, nation-wide conduct, including within the forum state[1], that injures plaintiffs from states outside of the forum state. In its holding, the majority stated that "since this decision concerns the due process limits on the exercise of specific jurisdiction by a State, the question remains open whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id*., at ___. The Supreme Court cited *Omni Capital Int'l v. Rudolf Wolff & Co.* in support of its decision, which also left open the question of whether "a federal court could exercise personal jurisdiction, consistent with the Fifth Amendment, based on an aggregation of the defendant's contact with the Nation as a whole, rather than on its contacts with the State in which the federal court sits." *Id*., at ___ (citing 484 U.S. 97, 102 n.5 (1987)).

Notably, Congress passed the Class Action Fairness Act ("CAFA") (which of course, did not apply to the BMS litigation or was even mentioned in the Court's decision), for the primary purpose of expanding the original diversity jurisdiction of federal courts to exercise jurisdiction over multistate class actions; Congress believed that multistate class actions should be heard in one federal forum and therefore expanded the original diversity jurisdiction requirements for federal courts to exercise jurisdiction over such multistate class actions. *See, Anirudh v. CitiMortgage Inc*., 598 F.Supp.2d 448, 450 (S.D.N.Y. 2009) (citing *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (noting that CAFA extended federal jurisdiction over interstate class actions of national importance and "[i]n furtherance of this purpose, the statute relaxes the

---

[1] As Plaintiffs argue in their Opposition, but for FCA's wrongful omissions in New York, Plaintiffs may not have been injured because they may have known about the defect (depending on how Defendant disclosed the defect in New York to purchasers). Pls.' Opp., p. 13 n. 8.

requirements for federal diversity jurisdiction in certain class actions"). In this case, no one disputes that the federal courts have jurisdiction, but the decision concerning whether a case involving a common nucleus of facts should be heard by one court, or many, should be informed by CAFA's intent to aggregate multistate class claims into one federal court.

For these reasons, this Court may still exercise general, specific, and supplemental jurisdiction over FCA.

Dated: June 28, 2017

_____
Gary S. Graifman, Esq.
Jay Brody, Esq.
**Kantrowitz Goldhamer**
**& Graifman, P.C.**
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Tel: (845) 356-2570

Nicholas A. Migliaccio, Esq.
Jason S. Rathod, Esq.
**Migliaccio & Rathod LLP**
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: (202) 470-3520

Elmer Robert Keach, III, Esq.
**Law Offices Of Elmer Robert Keach III,**
**P.C.**
1040 Riverfront Center
P. O. Box 70
Amsterdam, NY 12010
Tel: (518) 434-1718

Gary E. Mason, Esq.
Jennifer S. Goldstein, Esq.
**Whitfield Bryson & Mason LLP**
5101 Wisconsin Ave NW, Suite 305
Washington, DC 20016
Tel: (202) 429-2290

Daniel Calvert, Esq.
**Parker Waichman LLP**
27300 Riverview Center Boulevard

Suite 103
Bonita Springs, Florida 34134
Tel: (239) 390-1000

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of June, 2017, a copy of the foregoing Response to FCA US LLC's Notice of Supplemental Authority in Support of its Motion to Dismiss for Lack of Personal Jurisdiction was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

_____
Gary S. Graifman, Esq.
Kantrowitz Goldhamer
& Graifman, P.C.
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, New York 10977
Tel: (845) 356-2570